UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMI AMISON,<br><br>      Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, ABC NEWS, ESPN, GET UP!, MIKE GREENBERG,<br><br>      Defendants. | Case No.: 20-cv-1121-AJB-DEB<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO FILE IN FORMA PAUPERIS AS MOOT; AND**<br><br>**(2) DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(Doc. No. 2)** |

The Court reviews *pro se* Plaintiff, Jeremi Amison's ("Plaintiff") Complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1, 2.) Under this mandatory screening, the Court finds Plaintiff's Complaint does not sufficiently establish that venue is proper. Thus, the Court **DENIES** as moot Plaintiff's IFP motion, (Doc. No. 2) and **DISMISSES** Plaintiff's complaint without leave to amend, (Doc. No. 1).

/ / /

/ / /

## I. SCREENING UNDER 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), when reviewing an IFP motion, the Court must rule on its own motion to dismiss before the complaint is served. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1127 ("[§] 1915(e)) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, the Court "may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts[.]" *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) (internal quotations omitted).

However, *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted); *see Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds*. Thus, the Supreme Court states federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132,

1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Plaintiff alleges that he is an aspiring musician. (Doc. No. 1 at 2.) Plaintiff alleges that on June 11, 2020 he was defamed by racial slurs on a live broadcast and the clip is still on the YouTube. (*Id.*) On June 12, 2020, Plaintiff alleges that he was again slandered during a live broadcast of ESPN's show titled "Get Up!." (*Id.*) Plaintiff alleges that he was defamed with racial slurs. (*Id.*) Plaintiff requests $10 million in presumed damages, $10 million in general damages, and $20 million in punitive damages. (*Id.* at 3.)

Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges that he is an Illinois resident, and asserts claims against Defendants who he either does not identify their residence or are a resident of Burbank, California. Further, Plaintiff does not allege that any of the events giving rise to his claims occurred in this district. Plaintiff's claims bear no relation whatsoever to the Southern District of California. (Doc. No. 1.) Accordingly, the Court finds venue is not proper in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## II.     MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application

for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

However, even if Plaintiff meets the income requirement, the Ninth Circuit indicates that leave to proceed in forma pauperis pursuant to 28 U.S.C. section 1915(a) is properly granted only when plaintiff has demonstrated poverty *and* presented a claim that is not factually or legally frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (emphasis added).

For the reasons set forth above Plaintiff's Complaint does not properly establish venue, thus the Court **DENIES** Plaintiff's IFP motion as moot.

### III.  CONCLUSION

The Court **DENIES** as moot Plaintiff's IFP motion, (Doc. No. 2) and **DISMISSES** Plaintiff's complaint without leave to amend, (Doc. No. 1). Leave to amend is to be given freely. Fed. R. Civ. P. 15(a)(2). However, it is properly denied when amendment would be futile. *See Carrico v. City & Cnty. Of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2001). Here, the Court finds that amendment would be futile. Accordingly, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated:  July 20, 2020

                                                  Hon. Anthony J. Battaglia
                                                  United States District Judge